## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
GINA SCHWARTZ, individually    )
and as Special Administrator   )
of the Estate of               )
ZACHERY SCHWARTZ, deceased,    )
                               )
        Plaintiff,             )
                               )
   v.                          )    Case No. 05-4065
                               )
ILLINOIS DEPARTMENT OF         )
CORRECTIONS, DONALD N. SNYDER, )
ILLINOIS DEPARTMENT OF         )
CORRECTIONS YOUTH CENTER       )
--KEWANEE, WILLIAM E. BOYD,    )
LISA NORDSTROM, and            )
TIMOTHY LOWE,                  )
                               )
        Defendants.            )
```

## O R D E R

Before the Court is Defendants' Motion for Judgment on the Pleadings [Doc. # 23]. Plaintiff has not responded, and the time for doing so has passed. For the reasons that follow the motion will be granted.

On December 2, 2002, Gregory Schwartz ("Schwartz") committed suicide by hanging himself by his bed sheets in his cell while incarcerated at the Illinois Department of Corrections (IDOC) Youth Center in Kewanee, Illinois. Thereafter, Schwartz's mother brought the instant action, claiming (1) that her son's constitutional rights were violated (Count I), and (2) that Defendants negligently caused her son's death (Count II).

**Count I**

Plaintiff alleges that Defendants were deliberately indifferent to her son's serious medical needs--in violation of the

Eighth and Fourteenth Amendments--when they (1) failed to adopt and implement policies to prevent suicidal behavior, and (2) placed her son alone in a cell after he expressed an intent to do harm to himself.  As a remedy for this alleged violation, Plaintiff seeks $300,000.  The problem is that Plaintiff's allegations relate solely to Defendants' official conduct--Plaintiff has not alleged any conduct on the part of any Defendant in an individual capacity.  In fact, Plaintiff specifically alleges that Defendants Donald Snyder, William E. Boyd, and Lisa Nordstrom were all acting in their official capacities as IDOC administrators.  Further, the only allegation regarding Timothy Lowe which relates to individual conduct is the allegation that Lowe had personal knowledge of Schwartz's intent to harm himself.  However, the Complaint also alleges that the duty to act upon this knowledge arose from Lowe's official position within IDOC.  Thus, Plaintiff's constitutional claims, as alleged in Count I of the Complaint, are all official capacity claims which are barred by Eleventh Amendment immunity.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-67 (1985)(official-capacity suit against state official is in substance suit against state and defense of sovereign immunity remains available).

    **Count II**

The Court will decline supplemental jurisdiction over Plaintiff's remaining state law claim.  <u>See</u> 28 U.S.C. § 1367 (court may decline supplemental jurisdiction over purely state law claims when all claims over which court has original jurisdiction are dismissed).  Accordingly, this claim is dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the Pleadings [Doc. # 23] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's state law wrongful death claim is dismissed without prejudice.

CASE TERMINATED.

Entered this ___15th___ day of May, 2006.

```
                          s/ Joe B. McDade
                         JOE BILLY McDADE
                    United States District Judge
```